## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

MICHAEL MATLOCK,

                              Plaintiff,

vs.                                                    Case No. 09-CV-506-GKF-FHM

SAFECO INSURANCE COMPANY OF
AMERICA,

                              Defendant.

## OPINION AND ORDER

Defendant's Motion to Compel Discovery (filed June 19, 2009 in state court) [Dkt. 24] has been referred to the undersigned United States Magistrate Judge for decision. Defendant has advised that the motion is not moot. [Dkt. 25].   The undersigned has considered the briefs filed in state court concerning this motion.   Defendant's Motion to Compel Discovery [Dkt. 24] is GRANTED.

Defendant's motion seeks an order compelling Plaintiff to answer interrogatories which asked Plaintiff to categorize and quantify damages resulting from the claims asserted in Plaintiff's petition.   Plaintiff argues: that Defendant did not comply with an unnamed State Court Local rule[1] and that Plaintiff is not required to itemize his damages as the interrogatories request.

LCvR 37.1 of this court requires that counsel meet and confer in good faith in an attempt to resolve differences over discovery before filing a motion to compel.   The court

---

[1]  Presumably Plaintiff is referring to Rule CV 21 of the Rules of the Di9strict Court Tulsa County, February 2003, which provides:

> The Court will refuse to set or hear any discovery dispute unless counsel for the movant advises the Court in the motion that the lawyers have conferred either in person or by telephone with each other in good faith about the dispute but have been unable to resolve it.  Correspondence alone will not satisfy this requirement.

has the discretion to waive the local rule when the administration of justice requires. LCvR1.2(c). Considering the length of time this motion has been pending, it is reasonable to assume that if the parties were going to come to some agreement about the outstanding discovery, they would have done so by now. Therefore, the administration of justice requires the court to decide the motion, regardless of whether the meet and confer requirement has been met.

Plaintiff has cited no authority for his claim that he is not required to itemize his damages when requested to do so. The court finds that Interrogatory Nos. 9 and 10 are not objectionable and, in fact the information sought falls within the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring computation of each category of damaged claimed).

Plaintiff is hereby ORDERED to supply information responsive to Interrogatory Nos. 9 and 10 on or before March 29, 2010.

The parties will each bear their own costs related to this motion.

SO ORDERED this 8th day of March, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE